DOCKET NO. 923

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE CARGO LOSSES FROM GULF FLEET 265 IN DECEMBER 1990*

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR.,* AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION FILED APR 10 1992 PATRICIA D. HOWARD CLERK OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of five actions pending in the following districts: three actions in the Southern District of Florida; and one action each in the Northern District of Texas and the Southern District of Alabama.[1] Before the Panel is a motion by Marine Transportation Service Sea-Barge Group, Inc. (Sea Barge), the owner and operator of a barge identified as *GULF FLEET 265*, to centralize these actions, under 28 U.S.C. §1407, in the Southern District of Florida for coordinated or consolidated pretrial proceedings. The Texas plaintiff and a third-party defendant in the Texas action oppose the motion. One shipper agrees that centralization is appropriate, but suggests either a Texas court or the Southern District of Alabama as transferee court. The loading stevedore and two other shippers support centralization in the Southern District of Alabama.

On the basis of the papers filed,[2] the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Southern District of Alabama will best serve the convenience of most parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact concerning the cause or causes of the loss of cargo aboard *GULF FLEET 265* between Alabama and Puerto Rico. Centralization under Section 1407 is necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of Alabama is the appropriate transferee court. We note that the cargo was loaded on the barge at Mobile, Alabama, and that several parties, witnesses and documents can likely be found there.

---

* Judge Merhige took no part in the decision of this matter.

[1] The Alabama action is included in the matter before us because the parties to this action have stated in writing their respective positions on the present motion and had an opportunity to present oral argument at the Panel's March 27th hearing.

[2] The parties waived oral argument and accordingly the question of transfer of these actions under Section 1407 was submitted on the briefs. Rule 17(b), R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Southern District of Alabama be, and the same hereby are, transferred to the Southern District of Alabama and, with the consent of that court, assigned to the Honorable Charles R. Butler, Jr., for coordinated or consolidated pretrial proceedings with the action pending there.

FOR THE PANEL:

_____
John F. Nangle
Chairman

Schedule A

MDL-923 -- In re Litigation Involving Alleged Losses to Cargo From Barge GULF FLEET 265 Alabama and Puerto Rico in December 1990

### Northern District of Texas

Texas Hoist & Crane, Inc. v. Finn Container Services, Inc., et al., C.A. No. CA3-91-2865-G

### Southern District of Florida

Marine Transportation Servies Sea-Barge Group, Inc. v. Klumb Lumber Co., Inc., et al., C.A. No. 91-2647-CIV-GRAHAM

Finn Container Cargo Services, Inc. v. Barge "GULF FLEET 265," et al., C.A. No. 92-0001-CIV-KEHOE

United States Fire Insurance Co. v. Marine Transportation Services Sea-Barge Group, Inc.. C.A. No. 92-0009-CIV-KEHOE

### Southern District of Alabama

Klumb Lumber Company v. Marine Transportation Services Sea-Barge Group, Inc., et al., C.A. No. 92-CV-6